UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY CONVERSION DEVICES, INC., *et al.*,[1] | Case No. 12-43166-TJT (Jointly Administered) |
| | Hon. Thomas J. Tucker |
| Debtors, | |
| | Adversary Proceeding No. 14-_____ |
| John Madden, not individually but solely in his capacity as the Liquidation Trustee of the Energy Conversion Devices, Inc. Liquidation Trust, | |
| Plaintiff, | |
| v. | |
| Victory Packaging, L.P., | |
| Defendant. | |

## COMPLAINT

John Madden, not in his individual capacity, but solely in his capacity as the Liquidation Trustee for the Energy Conversion Devices, Inc. Liquidation Trust (the "Trustee"), by his undersigned counsel, for his complaint against Victory Packaging, L.P. (the "Defendant") hereby alleges as follows:

---

[1] The Debtors in the jointly administered cases are Energy Conversion Devices, Inc. ("ECD") and United Solar Ovonic, LLC ("USO").

-1-

## Parties, Jurisdiction and Venue

1. Plaintiff Trustee is the duly appointed trustee of the Energy Conversion Devices, Inc. Liquidation Trust established under the Second Amended Joint Plan of Liquidation of Energy Conversion Devices, Inc. and United Solar Ovonic LLC [Docket No. 754] (the "Plan"). The Plan was confirmed by order of this Court on July 30, 2012 [Docket No. 1064], and became final and unappealable on August 28, 2012. Under the Plan, all causes of action belonging to the Debtors vested in the Liquidation Trust and may be pursued by the Trustee.

2. Upon information and belief, Defendant is a Texas limited partnership that does business in Michigan.

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Debtors' Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is an action to avoid and recover preferences under 11 U.S.C. §§ 547 and 550 and to disallow Defendant's claim under 11 U.S.C. § 502.

## General Allegations

6. Prior to Debtors' bankruptcy filing, Defendant provided goods and/or services to the Debtors.

7. On or within 90 days before the Debtors' bankruptcy petition date, which is the period from November 16, 2011 to February 14, 2012 (the "Preference Period") one or both of the Debtors made one or more transfers of an interest in Debtors' property totaling not less than $102,200.60 to or for the benefit of Defendant, on the dates and in the amounts set forth

on **Exhibit A** (the transfers identified on Exhibit A, together with all other transfers to or for the benefit of Defendant by the Debtors are referred to as the "Transfers").

8. On July 2, 2012, Defendant filed a claim against USO [Proof of Claim No. 556] in the amount of $40,264.79, for inventory and goods sold to the Debtor (the "Claim").

9. As of the date of this filing, Defendant has not returned the Transfers to the Trustee.

## COUNT 1

### (Avoidance of Preferential Transfers - 11 U.S.C. § 547)

10. The Trustee repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

11. All of the Transfers were transfers of property, or an interest in property, of one or both of the Debtors.

12. The Transfers were made by one or both of the Debtors to or for the benefit of the Defendant.

13. The Transfers were made on or within ninety (90) days before February 14, 2012, the date of the Debtors' bankruptcy petition date.

14. The Transfers were made for or on account of an antecedent debt owed by one or both of the Debtors to the Defendant before the Transfers were made.

15. The Transfers were made while the Debtors were insolvent.

16. The Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Debtors' chapter 11 cases were cases under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) the Defendant had received payment of its debt to the extent provided by the provisions of title 11 of the United States Bankruptcy Code.

17. Each of the Transfers constitutes an avoidable preference within the meaning of 11 U.S.C. § 547.

18. Accordingly, the Trustee is entitled to an order and judgment against the Defendant avoiding the Transfers under 11 U.S.C. § 547.

## COUNT 2

### (For Recovery of Property - 11 U.S.C. § 550)

19. Plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

20. The Defendant was the initial transferee of the Transfers, the intermediate or mediate transferee of the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made.

21. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than the sum of the Transfers, plus interest to the date of payment and the costs of this action.

## COUNT 3

### (For Disallowance of Claim - 11 U.S.C. § 502)

22. Plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

23. Defendant is a transferee of an avoidable preferential transfer under 11 U.S.C. § 547(b)(1) and Defendant has not turned over such property for which Defendant is liable under 11 U.S.C. § 550(a).

24. Pursuant to 11 U.S.C. § 502(d), Plaintiff is entitled to a judgment disallowing Defendant's Claim.

#23687622 v2

## RESERVATION OF RIGHTS

25. Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff might have against Defendant, on any and all grounds, as allowed under the law or in equity.

**WHEREFORE**, Plaintiff requests entry of a judgment in its favor against Defendant as follows:

(a) For avoidance and recovery of the Transfers, or the value thereof, in an amount not less than $102,200.60;

(b) For pre- and post-petition interest on the amounts owed by Defendant to the full extent allowed under applicable law at the highest legal rate;

(c) For all costs under applicable law;

(d) For disallowance of the Claim; and

(e) For such other and further relief as is just and proper.

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ Lesley S. Welwarth
ROBERT S. HERTZBERG (P30261)
DEBORAH KOVSKY-APAP (P68258)
LESLEY S. WELWARTH (P75923)
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: (248) 359-7333
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com
welwartl@pepperlaw.com

Dated: February 12, 2014    *Counsel to the Liquidation Trustee*

## EXHIBIT A

| Payment Amount | Payment Date | Payment Method |
|---|---|---|
| $530.40 | 11/18/2011 | EFT004994 |
| $13,876.32 | 11/29/2011 | EFT005028 |
| $35,802.20 | 12/7/2011 | EFT005168 |
| $47,366.28 | 12/20/2011 | EFT005308 |
| $4,625.40 | 12/29/2011 | EFT005355 |

#23687622 v2
14-04162-tjt    Doc 1    Filed 02/12/14    Entered 02/12/14 12:27:35    Page 6 of 6